Dia v. Holder

BIA
A077 547 961

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

SIDHIGUI DIA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-1212-ag

NAC

_____

FOR PETITIONER:          Theodore Vialet, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director, Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sidhigui Dia, allegedly a native and citizen of Guinea, seeks review of a March 8, 2011, decision of the BIA denying his motion to reopen his removal proceedings. *In re Dia*, No. A077 547 961 (B.I.A. Mar. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Dia's motion to reopen was clearly untimely, as it was filed more than eight years after the BIA dismissed his appeal, and the BIA did not abuse its discretion in finding that Dia failed to establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Regardless of whether Dia established that conditions in

Guinea had deteriorated for his alleged ethnic group, such evidence would be material only if Dia had credibly established that he is from Guinea. *See Dhoumo v. Board of Immigration Appeals*, 416 F.3d 172, 174 (2d Cir. 2005) ("The determination of an alien's nationality . . . is a threshold inquiry in determining the alien's eligibility for asylum."); *see also Wangchuck v. DHS*, 448 F.3d 524, 528-29 (2d Cir. 2006). In this case, the BIA's conclusion that Dia failed to establish either his identity or his nationality is well supported and provides a sufficient basis to deny relief. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir. 2006).

Dia admitted that he had initially applied for asylum under a false name, gave testimony that was untrue, and submitted false documents in support of that application. Moreover, in his initial asylum proceedings, he was found to be incredible. Thus, the BIA's decision not to credit the evidence submitted in support of the motion to reopen was not an abuse of discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (finding that BIA did not abuse its discretion by refusing to credit evidence submitted in support of a motion to reopen where an adverse credibility determination was made in the underlying

3

proceedings); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (where the agency's "finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence").    For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk